SAMUEL H. EARLY, PLAINTIFF IN ERROR v. JOHN ROGERS, JUNIOR, AND JOSEPH ROGERS, SURVIVORS, &c. OF ROGERS & BROTHERS, DEFENDANTS.

Where a controverted case was, by agreement of the parties, entered settled, and the terms of settlement were that the debtor should pay by a limited day, and the creditor agreed to receive a less sum than that for which he had obtained a judgment; and the debtor failed to pay on the day limited, the original judgment became revived in full force.

The original judgment having omitted to name interest, and this court having affirmed the judgment as it stood, it was proper for the court below to issue an execution for the amount of the judgment and costs, leaving out interest.

Where the debtor alleged that process of attachment had been laid in his hands as garnishee, attaching the debt which he owed to the creditor in question; and moved the court to stay execution until the rights of the parties could be settled in the State Court which had issued the attachment, and the court refused so to do, this refusal is not the subject of review by this court. The motion was addressed to the dis retion of the court below, which will take care that no injustice shall be done to any party.

This court expresses no opinion, at present, upon the two points, namely:

1. Whether an attachment from a State Court can obstruct the collection of a debt by the process of the courts of the United States, or

2. Whether a writ of error was the proper mode of bringing the present question before this court.

THIS case was brought up by writ of error from the District Court of the United States for the Western District of Virginia.

On the 29th of June, 1849, John Rogers, junior, and Joseph Rogers, of Cincinnati, and citizens of the State of Ohio, survivors of the firm of Rogers & Brothers, the deceased partner of which was Alfred Rogers, late of St. Louis, in Missouri, sued Samuel H. Early in the District Court of the United States for the Western District of Virginia.

Early filed a plea in abatement, setting forth certain writs of foreign attachment against Rogers and Rogers, as non-resident defendants, and against himself and others, as home defendants. This plea was afterwards withdrawn, and the general issue pleaded.

At September term, 1850, the cause came on for trial, when a verdict was found for the plaintiffs in the sum of $12,115, on which verdict the following judgment was entered:

*Judgment.* Came again the parties by their attorneys, and thereupon came also the jury impanelled and sworn in this cause, in pursuance of their adjournment, and having retired to their chamber, after some hours returned into court, and upon their oaths do say, that they find the issues for the plaintiffs, and assess their damages to twelve thousand one hundred and fifteen dollars. Whereupon the defendant moved the court to set aside the said verdict, and award him a new trial in the premises ; which motion, being argued and considered, is overruled. Therefore it is considered by the court, that the plaintiffs recover against the defendant the damages aforesaid, in the form aforesaid ascertained, and their costs about their suit by them in this behalf expended ; and the said defendant in mercy, &c.

A bill of exceptions having been taken by Early, the case was brought up to this court.

At December term, 1851, the case was entered "settled" upon the docket of this court, the following agreement filed, and judgment entered, namely:

*Agreement.* In order to put an end to the litigation between the above parties, and as a compromise, the matters in difference between them, that said Samuel H. Early shall pay to the said John Rogers and Joseph Rogers, between this and the first day of September, next, the sum of ten thousand dollars, which sum of ten thousand dollars the said John Rogers and Joseph Rogers agree to receive of the said Samuel H. Early in full satisfaction and discharge of the original judgment entered against the said Early for the sum of about twelve thousand five hundred dollars, in said District Court of the United States, for the Western District of Virginia, and in full satisfaction and discharge of all claims and demands which said John Rogers and Joseph Rogers held against said Early in any account arising out of the dealings on which said litigation is founded.

Early *v.* Rogers et al.

And it is further agreed, that the original judgment rendered in said District Court of the United States for the Western District of Virginia, and which is taken up to the Supreme Court of the United States on a writ of error, which is now pending in that court, may be entered affirmed in said Supreme Court at its present session, subject to the above agreement: that is, the judgment, although affirmed, shall not be obligatory for more than the above sum of ten thousand dollars, to be paid as aforesaid; and as soon as that sum is paid, the said judgment shall be entered satisfied, provided the amount is paid on or before the said first day of September next. Costs to be paid by Early.

May 18th, 1852.

SAMUEL H. EARLY,

By CHARLES FOX, his attorney.

JOHN ROGERS,

JOSEPH ROGERS,

By JAMES F. MELINE, their attorney.

### Order.

On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be and the same is hereby affirmed, with costs, in conformity to the preceding stipulations; and that the said plaintiffs recover against the said defendant, Samuel H. Early, one hundred and twenty-nine dollars and fifty-two cents for their costs herein expended, and have execution therefor.

Upon the going down of the mandate an execution was issued by the District Court, in January, 1853, as follows:

| | |
|---|---:|
| Amount of judgment, | $12,115.00 |
| Costs in District Court, | 246.56 |
| Interest from the 7th of December, 1850, the date of the writ of error issued by the Supreme Court, to the 7th of December, 1851, date of the mandate, | 741.69 |
| Costs in Supreme Court, | 129.52 |
| Cost of writ of execution, | 3.37 |

In April, 1853, a motion was made by Rogers to amend the judgment for $12,115, by adding "with interest till paid," but this motion was overruled.

At the same term, and on the motion of Samuel H. Early, a rule was awarded him returnable here forthwith against John Rogers, jr., and Joseph H. Rogers, requiring them to show cause why the execution heretofore sued out on the mandate of the Supreme Court of the United States, awarded on a judgment of the said Supreme Court in favor of said John and Joseph

Rogers against said Samuel H. Early, which execution bears date of the 11th day of January, 1853, and was returnable at March rules, 1853, shall not be quashed. And also to show cause why execution on the said judgment of the said Supreme Court should not be limited to the sum of ten thousand dollars, with interest thereon from the 1st day of September, 1852, and the costs; and also why the same shall not be stayed until the further order of the court, on account of certain attachments and suggestions.

Whereupon the said John Rogers, jr., and Joseph H. Rogers appeared in answer to the said rule, and the evidence and arguments of counsel being heard, it is considered by the court that the said execution be quashed, but that the said John Rogers, jr., and Joseph H. Rogers be allowed to sue out their execution against the said Early for the sum of $12,115, and $246.56 costs of the judgment in this court, and $129.52, the costs in the Supreme Court aforesaid, but without interest, and without damages on said sums.

*Mem.* — That on the trial of the said rule, the said Samuel H. Early tendered a bill of exceptions to opinions of the court delivered on the said trial, in the following words and figures, to wit:

*Bill of exceptions.* — The bill of exceptions contained eight records of cases of attachments, and concluded as follows:

Whereupon, on consideration of said rules to show cause why the execution should not be limited to the sum of $10,000, principal of said judgment, &c.; and why execution should not be stayed, &c.; the court was of opinion to discharge and disallow each of said rules, which was done accordingly; to each of which opinions and judgments of the court the defendant, Early, by his counsel, excepts, and prays that then his exceptions may be signed, sealed, and reserved to him.

JOHN W. BROCKENBROUGH, [SEAL.]

Upon this bill of exceptions the case came up to this court, and was argued by *Mr. Mason,* for the plaintiff in error, and by *Mr. Chase,* for the defendants in error.

*Mr. Mason,* for the plaintiff in error, made the following points:

The errors complained of, and for which it is now asked to reverse the last judgment of the court below, are:

First. Because the execution should have been limited to the sum of $10,000, or to be discharged by payment of that sum, under the agreement of the parties.

Second. Execution should have been stayed until the attachments set out in the bill of exceptions were finally disposed of.

On the first point —

In allowing execution in the court below, that court was necessarily constrained to construe the contract between the parties of the 18th of May, 1852, on which the affirmance of the judgment was rendered by the Supreme Court.

It is recited in this contract, (p. 12, 13, of the printed record,) that as "a compromise of the matters in difference," between the parties, it was agreed that Early should pay to Rogers the sum of $10,000, on or before a given day, and which sum the latter agreed to receive, "in full satisfaction and discharge of the original judgment," &c., and "in full satisfaction and discharge of all claims and demands," which Rogers held against Early, "arising out of the dealings on which said litigation is founded;" and further, that the original judgment on which an appeal was then depending in the Supreme Court should "be entered, affirmed, subject to the above agreement." This is the whole contract. What follows is, on its face, only explanatory, and should not have been construed to convert the time of payment into a penalty or forfeiture.

The contract must be construed as a whole, and the intention of the parties thus gathered, is to be carried into effect.

It is submitted, that it was not the agreement of the parties that so heavy a forfeiture as the sum of $2,115, should be incurred on a compromise merely by failure to pay at the day, nor is it in any manner susceptible of such construction, unless it be taken from the last clause in the nature of a proviso. But this clause does not necessarily require such construction; referring it to the contract, it relates to the entering of satisfaction on the judgment and to that only, so that the explanatory addendum would read thus: the judgment although affirmed, shall not be obligatory for more than the above sum of $10,000, to be paid as aforesaid, and the judgment shall be entered, satisfied if that sum is paid on the day appointed for its payment herein above.

In support of this view, I refer to Story's Equity, vol. 2, § 13, 14, where the principle is stated, "that wherever a penalty is inserted merely to secure the performance or enjoyment of a collateral object, the latter is considered as the principal intent of the instrument, and the penalty is deemed only as accessory," &c.

On the first point, then, it is respectfully submitted that the judgment should be reversed, because execution was allowed for a sum exceeding that stipulated in the contract of the parties, and subject to which contract the judgment had been affirmed.

On the second point —

It is submitted, that no execution should have issued until the attachment set out in the bill of exceptions had been disposed of.

By the statutes of Virginia the attaching creditors obtained a lien on the property of their debtor from the time the process was served, and the garnishee (Early) could not pay to the defendant in error, without violating the law, and subjecting himself to the risk of paying twice. Code of Virginia, (1849) p. 603, § 11, 12; p. 605, § 17.

So entirely is the garnishee protected, in cases of attachment, from the action of the absent debtor, that he is not even responsible for interest, whilst, pending the attachment, he is restrained from parting with the effects in his hands. 1 Sergent on Attachments, 169; Fitzgerald v. Caldwell, 2 Dallas, 215; same case, 4 Ib. 251; Willings v. Consequa, 1 Peters's Cir. Court Rep. 172; Erskine v. Staley, 12 Leigh, 406.

The reason why the garnishee is protected from interest is, that he is not allowed to part with the principal, until the rights of parties are settled under the attachment.

In allowing these attachments from a State court to be regarded by the federal court, when asked to direct execution to be issued against the garnishee, there is no collision between the respective judiciaries. Far less is the action of the federal court made subordinate to that of the State. The citizen is fully subject to the process of each, on matters within their respective jurisdictions; and although it were conceded that the State court must yield, when a federal court has taken jurisdiction properly, yet this must be in a case when the right litigated, or the nature of the controversy is the same in both courts, and where, unless one jurisdiction was paramount, there would arise collision. Such is in no manner the case here. The federal court, in disallowing executions, because of the pendency of these attachments, decides only that the judgment creditor is not entitled to execution, because, since the judgment was rendered, other rights had intervened — rights not asserted to question or challenge the authority which rendered the judgment, but, in fact, affirming such authority, and relying upon it.

The judgment against Early, established a property in Rogers, which property the creditors of the latter, through the State court, seek to subject to payment of their debts, and they may do this without the slightest interference with the authority of the court that rendered the judgment.

I am informed by counsel, on the other side, that he shall ask the court to correct the judgment of affirmance, so as to allow

interest on the amount of the verdict, from its date. On this I have to say, that if it be error, it was error in the judgment of the court below, and from which there is no appeal, and of course cannot be corrected here.

But if I am right in my construction of the contract, under which the judgment was affirmed, the parties have waived the interest, which the law of Virginia would attach to a verdict, by agreeing to a sum without interest.

*Mr. Chase,* for the defendants in error, said that the questions presented were these:

I. The sum of $10,000 not having been paid by the 1st of September, 1852, according to the terms of the affirmance agreement, are the judgment plaintiffs entitled to the full amount of the judgment affirmed?

II. Can the proceedings in the State court be set up to arrest the action of the federal court in enforcing its own judgment by its own process?

III. There is a third point which arises, both on the writ of error and on motion, namely, are the judgment plaintiffs entitled to interest on the amount of the judgment affirmed, and from what time?

I. The answer to the first question depends on the terms of the agreement. That hardly seems to admit of two interpretations. It consists of two parts. The first stipulates that Early shall pay to Rogers and Rogers $10,000 by the 1st of September, which sum, so paid, the latter agree to receive in full satisfaction of the original judgment; the second expresses the same understanding in somewhat a different phraseology: the judgment is to be affirmed, but is not to be obligatory for more than $10,000, on payment of which sum satisfaction is to be entered, provided the amount is paid on or before the 1st day of September next.

Under the agreement the judgment was affirmed. This judgment was for $12,115. Early had a right to have it satisfied by payment of $10,000 by the 1st September. He did not exercise that right, and therefore lost it. No later payment than on the 1st of September would avail him, and he has offered none.

It is claimed that the stipulation for the affirmance of the judgment, upon agreement to accept a less sum in satisfaction, if paid by a certain day, operates as a stipulation for a penalty, and ought not to be enforced. This is by no means so. The original judgment was for a balance of account. Rogers and Rogers were pressed for money, and anxious for early payment. They were willing to accept a part soon, rather than risk the

51 *

collection of the whole by process in the uncertain future. Hence their agreement. The whole was no more than their due. The agreement to accept part was conditional. Early not having fulfilled the condition, they are justly entitled to the whole.

II. The answer to the second question depends on the effect to be given to the various proceedings in the State court.

All these suits, except two, were commenced after the institution of the suit in the District Court, and it is quite certain that the pendency of these constitutes no objection to the enforcement of the judgment of the court. Wallace *v.* McConnell, 13 Peters, 136, is in point.

Of the two suits commenced prior to that of Rogers and Rogers, the first (Wilson's) has been prosecuted to final decree, 20th November, 1851, (Record, p. 28,) against Rogers for the debt, and against William Shrewsbury for payment, which decree seems to have been satisfied, as the record shows a judgment on a forthcoming bond against Shrewsbury and Lewis. There is nothing to show, and no ground to suppose that Early can be made liable for any thing in this suit in any event.

The other suit (Sargent's) was commenced by issuing the subpœnas on the 15th of June, but there is nothing to show when process was served on Early. The bill was not filed until July. Nothing has been done in this cause beyond the mere filing of the bill; and the court will not presume, without proof, that process was served on Early so as to fix any liability on him. 2 Rob. Prac. 201.

But if both suits had been commenced, and process in both had been served on Early prior to the commencement of the suit against him in the District Court, it would have made no difference, and for several reasons :

1. An attachment does not create a lien, but a mere contingent liability, which can only become fixed after judgment or decree, in the principal suit, and, in case, also, that the debt due from the garnishee has not been previously extinguished otherwise than by his voluntary act. Ex parte Foster, 2 Story, 151, 152 ; Embree *v.* Hanna, 5 Johns. 101.

2. If a defendant would avail himself of a pending attachment against a subsequent suit for the debt attached, he must plead the pendency of the attachment in abatement. Wallace *v.* McConnell, 13 Pet. 151. After issue joined it is too late to plead in abatement. Payne *v.* Grimm, 2 Munf. 297; May *v.* State Bank, 2 Rob. 56.

3. In the present case Early waived all objections to the proceeding in the District Court growing out of the pending of the attachment suits. The record shows that he did plead the pending of some of these suits in abatement, and voluntarily

withdrew the plea and joined issue. Record, 57. He was fully aware, also, of the attachments when he consented to the affirmance of the judgment, and it would be unreasonable to allow him to avail himself of grounds to evade payment, which, when he positively engaged to pay, he must have been understood to waive; for otherwise his engagements would amount to nothing.

III. We claim that the court below erred in not correcting the judgment, by allowing interest on the verdict, and ask that this error may be corrected. The original omission of interest in the judgment was, doubtless, a clerical error. The verdict was for the balance of an account. The Code of Virginia is express, that " if a verdict be rendered hereafter, which does not allow interest, the sum thereby found shall bear interest from its date, whether the cause of action arose heretofore, or shall arise hereafter, and judgment shall be entered accordingly." Code of Virginia, 1849, c. 177, § 14, p. 673.

As the whole case is before the court upon the writ of error, the court may, and we think should, correct this manifest error. At all events the court will allow interest upon the amount of the judgment, either from the date of the verdict or from affirmance, by way of damages. Rule 18.

If defendant attached wishes to exempt himself from interest, he must bring the money into court. 2 Rob. Prac. 205-6, and cases there cited.

Mr. Justice CAMPBELL delivered the opinion of the court.

The defendants, (Rogers & Co.) on the 27th of May, 1852, recovered in this court against the plaintiff a judgment, in the following words:

" In order to put an end to the litigation between the above parties and as a compromise  the matters in difference between them, that said Samuel H. Early shall pay to the said John Rogers and Joseph Rogers, between this and the first day of September next, the sum of ten thousand dollars, which sum of ten thousand dollars the said John Rogers and Joseph Rogers agree to receive of the said Samuel H. Early, in full satisfaction and discharge of the original judgment entered against the said Early for the sum of about $12,500, in said District Court of the United States, for the Western District of Virginia, and in full satisfaction and discharge of all claims and demands which said John Rogers and Joseph Rogers held against said Early in any account arising out of the dealings on which said litigation is founded.

" And it is further agreed, that the original judgment rendered in said District Court of the United States for the Western Dis-

trict of Virginia, and which is taken up to the Supreme Court of the United States on a writ of error, which is now pending in that court, may be entered affirmed in said Supreme Court at its present session, subject to the above agreement; that is, the judgment, although affirmed, shall not be obligatory for more than the above sum of ten thousand dollars, to be paid as aforesaid; and as soon as that sum is paid, the said judgment shall be entered satisfied, provided the amount is paid on or before the said first day of September next. Costs to be paid by Early.

" May 18th, 1852.

SAMUEL H. EARLY,
By CHA  3S FOX, his attorney.
JOHN ROGERS,
JOSEPH ROGERS,
By JAMES F. MELINE, their attorney.

" On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby affirmed, with costs, in conformity to the preceding stipulations; and that the said plaintiffs recover against the said defendant, Samuel H. Early, one hundred and twenty-nine dollars and fifty-two cents for their costs herein expended, and have execution therefor.

" May 27, ——."

The mandate of this court was issued in October, 1852, and spread upon the records of the District Court for the Western District of Virginia. In January, 1853, an execution issued returnable to the March rules of that year. At the April term of that court, the plaintiff, Early, obtained a rule against Rogers & Co., requiring them to show cause why the execution so sued out should not be quashed, and also why execution on the said judgment of the said Supreme Court should not be limited to the sum of ten thousand dollars, with interest thereon, from the 1st day of September, 1852, and the costs; and also why the same shall not be stayed until the further order of the court, on account of certain attachments and suggestions. Whereupon the court ordered the execution to be quashed, but that the said Rogers & Co. be allowed to sue out their execution against said Early for the principal sum of $12,115, with costs, but without interest or damages.

The writ of error has been taken to bring this order awarding the execution to this court. We think the district judge interpreted the agreement of the parties and the judgment of this court upon it, correctly. The parties made the reduction of the judgment to ten thousand dollars, dependent upon a condition,

Early v. Rogers et al.

which has not been fulfilled. The plaintiff in error had obliged himself to comply with this condition, or to lose his claim for a deduction. We think the award of execution, for the amount contained in the order, was proper.

The motion to stay the execution, founded upon the fact that creditors of Rogers & Co. had attached this debt, by service of garnishment on the plaintiff in the State courts, was addressed to the legal discretion of the District Court, and its judgment is not revisable by this court.

The mere levy of an attachment upon an existing debt, by a creditor, does not authorize the garnishee to claim an exemption from the pursuit of his creditor. The attachment acts make no such provision for his benefit. It is the duty of the court wherein the suit against the garnishee by his creditor may be pending, upon a proper representation of the facts, to take measures that no injustice shall grow out of the double vexation. The court should ascertain if the attachment is prosecuted for a *bon î fide* debt, without collusion with the debtor, for an amount corresponding to the debt, that no mischief to the security of the debt will follow from a delay, and such other facts as may be necessary for the protection and security of the creditor. An order of the court to suspend, or to delay the creditor's suit, or his execution in whole or for a part, could be then made upon such conditions as would do no wrong to any one.

It is apparent that such inquiries are proper only for the court of original jurisdiction, in the exercise of the equity powers over proceedings an suitors before it, with the view to fulfil its great duty of administering justice in every case. We do not perceive in this record evidence that the district judge has exercised his discretion unwisely.

We do not express any opinion upon the questions whether a writ of error was the proper remedy to bring this order before us, nor whether attachments could be levied from the State court upon a judgment or claim in the course of collection in the courts of the United States. Accepting the case as it has been made by the parties, and has been argued at the bar, our conclusion is, there is no error in the record, and the judgment is affirmed.

## Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Western District of Virginia, and was argued by counsel. On consideration whereof it is now here ordered and adjudged by this court that the judgment of the said District Court in this cause be, and the same is hereby affirmed, with costs.