JOSEPH E. WOODNICK, *Appellant,* v. SAM JOHNSON COMPANY, A CORPORATION, *Appellee.*

Division B.

Opinion Filed August 1, 1927.

*H. F. Mohr,* Attorney for Appellant;

*Maguire & Voorhis,* Attorneys for Appellee.

PER CURIAM.—In this case the appellant agreed to purchase and one Moscovitz agreed to sell under certain conditions, which are not material to the issue here, certain lands in Orlando, Florida. Moscovitz acknowledged receipt of $1,000.00 on account of the purchase price. This $1,000.00 in the form of a check was delivered to the appellee to be held in escrow until the deal was consum-

mated, or until negotiations were ended. The appellee cashed the check and held the proceeds.

For reasons which are not material to the issue here the deal was not consummated. The appellant demanded return of the $1000.00. Moscovitz claimed that he was entitled to the $1,000.00 under the terms of the agreement under which it was paid. Appellee refused to return the $1000.00 to appellant. Appellant then sued appellee at law for the $1000.00. Whereupon appellee filed its bill of interpleader making appellant and Moscovitz defendants. Appellant filed demurrer and answer. Moscovitz filed answer. A special Examiner was appointed and testimony was taken. A deceree was entered overruling the demurrer and upon consideration of the report of the Master a decree was entered holding the bill of interpleader to be properly filed and requiring the defendants to interplead and settle the matters in controversy; appointing a Master in Chancery to inquire and make report as to which of the defendants is entitled to the funds in the controversy; with directions to the Master; requiring the $1000.00 to be paid in to the registry of the court; enjoining appellant from prosecuting his suit against the appellee and enjoining Moscovitz from prosecuting any suit against the appellee and that the complainant be dismissed with costs incurred, including $125.00 attorney's fees, to be paid out of the funds in the registry of the court and reserving the consideration of all questions of costs as between defendants and all other questions and directions until the coming in of the Master's report, etc., etc.

From the decree above mentioned appeal was taken to this Court.

Mr. Justice ELLIS, speaking for the Court in the case of Fogg v. Goode, 78 Fla. 138, 82 Sou. 614, discussed fully

516

and stated clearly the law applicable to the instant case and on authority of the opinion in that case the orders and decrees of the Chancellor should be affirmed. See also South Florida Farms Co. v. Jax Ice and Cold Storage Co., 109 So. 212.

It is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the opinion.