BANK OF BAY BISCAYNE, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF FLORIDA, *Appellant*, v. EDWARD M. FULLER, G. M. HORGAN, S. L. GAINES, W. F. McGEE, JOHN M. MURRELL AND COMMERCIAL BANK & TRUST COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF FLORIDA, *Appellees*.

Division B.

Opinion Filed January 9, 1928.

*Burdine & Barco*, Attorneys for Appellant;

*John M. Murrell*, Attorney for Appellees.

BUFORD, J.—A bill of interpleader was filed in Circuit Court of Dade County in which it was alleged:

"1. That your orator is a corporation organized and

existing under the laws of Florida, with its banking house and principal place of business at Miami, Dade County, Florida; that all the natural persons to this suit are over the age of twenty-one years, and the places of residence of the natural defendants to this suit are unknown, except that the place of business of the defendant John M. Murrell is in the First Trust and Savings Bank Building, Miami, Florida; that the defendant, Commercial Bank & Trust Company is a Florida Corporation, as aforesaid, with its banking house and principal place of business at Miami, Florida;

2. That for many years your orator has been and is now operating a general banking business in Miami, Florida, and that prior to the date of filing this bill, and on the 7th day of July, 1926, in Miami, Florida, one Edward M. Fuller, appeared at the banking house of your orator and in the usual course of the banking business asked to be permitted to open an account in the name of ''Edward M. Fuller, Trustee''; thereupon, as is the bank's custom, a signature card was delivered to him for obtaining a sample of his signature so as to advise the bank of the manner in which checks would be signed; and, thereupon the signature card was signed by him ''Edward M. Fuller, Trustee'', and under such name a deposit was made in this bank, a copy of the opening deposit slip being attached hereto, marked ''Exhibit A'' and made a part of this bill; that said account opened under the name of ''Edward M. Fuller, Trustee'', has been carried under that name ever since the date it was opened;

3. That prior hereto and on the 29th day of July, 1926, a Writ of Garnishment was served upon this complainant, a copy of which is hereto attached marked ''Exhibit B'' and made a part hereof, said Writ of Garnishment having been issued in a certain cause then pending in the Circuit

Court of Dade County, Common Law, wherein the Commercial Bank & Trust Company, one of the defendants herein, was complainant, and Edward M. Fuller was defendant; that in and by said Writ of Garnishment your orator was required to file an answer under oath stating whether or not your orator was indebted to said defendant at the time of service and at the time of Answer; that your orator filed in said cause its answer in garnishment, which answer was struck by the court on the ground that it was insufficient, a copy of which answer is hereto attached marked ''Exhibit C'' and made a part hereof;

4. That thereupon and thereafter three affidavits were filed before your orator, one on the part of S. L. Gaines and one on the part of Edward M. Fuller, and one on the part of G. M. Horgan, copies of which said affidavits are attached hereto, marked ''Exhibits D'' ''E'' and ''F'', respectively and made a part hereof;

5. That on the 10th day of August A. D. 1926, your orator filed another answer in Garnishment, in obedience to the Court's requirements, a copy of which answer is attached hereto, marked ''Exhibit G'' and made a part hereof;

6. That at the time of service of the Writ of Garnishment the amount standing in the name of Edward M. Fuller, Trustee, on your orator's books, as aforesaid, was the sum of $5,288.09; in other words, the books of account of said bank when the Writ of Garnishment was served, showed that the account of Edward M. Fuller, Trustee, had on deposit $5,288.09, and this amount your orator still holds in its possession;

7. That on the 29th day of July A. D. 1926, the Commercial Bank & Trust Company, through its attorney, wrote your orator a letter, a copy of which is attached hereto marked ''Exhibit G'' and made a part hereof, and also

said Commercial Bank & Trust Company, verbally, through its attorney and agent, warned or advised your orator against paying out said funds; and the said Commercial Bank & Trust Company has taken the position and alleged the truth to be that the account in your orator's bank is the money of the said Edward M. Fuller, and the word "Trustee" is *discriptio presonae* only;

8. That after the striking of orator's answer by the court, as aforesaid, and on the 11th day of August, 1926, one John M. Murrell, the attorney of record for the defendant Edward M. Fuller, presented to your orator a bank check signed "Edward M. Fuller, Trustee," which check was in the sum of $5,288.09, and said John M. Murrell required that your orator honor said check and pay said sum of $5,288.09 to the said John M. Murrell upon the presentation and surrender of the said check; and, that because of the matters and things hereinabove recited your orator refused to pay said check;

9. That the facts herein stated constitute all of the matters and things connected with the question which now concerns and confronts your orator, and by reason of the matters and things herein recited your orator does not know and is not advised as to whether or not in law and in justice it should further hold said monies; that it desires to comply with the Court's order in every respect and desires to well and truly perform such duties as the law imposes by virtue of the writ of garnishment, and at the same time, it desires to comply with the law with reference to the rights of a depositor, but, on account of the conflicting laws on the subject, your orator desires the aid of the Court of Equity in determining what it shall do in the matter.

10. That you orator has no interest in and makes no claim to said money, or any part thereof, and is wholly indifferent as between the several claimants and litigants;

that your orator is ignorant as to who is the true and proper and legal owner of said money, and is ignorant of and does not know who is entitled to the same, and your orator is in doubt as to the rights of the several persons and corporations claiming said moneys and as to the rights of the several corporations who have levied process against the same, and it cannot safely pay the money to any of said persons without direction of this court;

Now, therefore, your orator is ready and willing and does hereby bring said fund into this court and does hereby deposit the same with this Honorable court for the use and benefit of whomsoever is entitled thereto.''

The prayer of the bill was in the usual form to require the defendants named to interplead. The exhibits referred to in the bill were attached.

A general demurrer and special demurrers were filed and upon the same being brought on for hearing the demurrers were sustained and the bill of complaint was dismissed.

The bill of complaint shows that the complainant was not a stake-holder as between John M. Murrell and Commercial Bank & Trust Company or as between Edward M. Fuller and Commercial Bank & Trust Company, or as between Commercial Bank & Trust Company and any of the other parties defendant in this suit. The bill of complaint fails to show any privity between Commercial Bank & Trust Company and John M. Murrell or between Commercial Bank & Trust Company and G. M. Horgan, S. L. Gaines or W. F. McGee with reference to the claim involved.

Whether or not the answer of the complainant, Bank of Bay Biscayne, to the Writ of Garnishment referred to in the bill of complaint was good or bad, or whether or not the court in that case committed error in striking that answer is not before this Court for determination.

The law applicable to this case has been fully enunciated

by this Court in the very able opinion prepared by Mr. Justice ELLIS in the case of Jacksonville Ice & Cold Storage Company v. South Florida Farms, 91 Fla. 593, 109 Sou. 212, and we can see no good purpose to be served by a reiteration of the principles of law there stated and the order of the chancellor should be sustained on authority of the opinion in that case. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM, J., concur in the opinion.

BROWN, J., disqualified.