STATE OF FLORIDA ex rel. SECURITY STATE BANK OF FORT OGDEN, a banking corporation, *Relator*, vs. WM. J. BARKER, as Judge of the Circuit Court of DeSoto County, Florida; R. E. MOYE, as Clerk of the Circuit Court of DeSoto County, Florida; THE DESOTO NATIONAL BANK OF ARCADIA, a corporation, and THE FIRST NATIONAL BANK OF ARCADIA, a corporation, *Respondents*.

141 So. 321.

En Banc.

Opinion filed May 5, 1932.

*Leitner & Leitner*, for Relator;

*Jones & Smiley, W. D. Bell, J. D. Kinsey* and *Treadwell & Treadwell*, for Respondents.

PER CURIAM.—An alternative writ of mandamus was issued by this Court upon a petition filed herein, alleging that in an interpleader suit of South Florida Farms Company v. D. U. Stevenson, et al., pending in the Circuit Court in DeSoto County, Florida, a decree was

rendered on May 10, 1923, adjudicating that $10,470.09 deposited in the registry of the Court be paid to the relator here, the State Bank of Fort Ogden; that on appeal taken by the Jax Ice and Cold Storage Company the decree was by this Court on April 8, 1926, reversed with directions to dismiss the bill; that

"The said South Florida Farms Company was duly dissolved by an order of the Circuit Court of Dade County, Florida, on to-wit, the 22nd day of April, 1921, and that the said corporation, under the law, was in full force and effect for the full period of three years thereafter, until, to-wit, the 22nd day of April, 1924, after which time the said South Florida Farms Company was totally dead, and the Supreme Court of the State of Florida had no authority to reverse the said decree."

This Court on April 8, 1926, reversed the decree in the Interpleader suit and directed that the bill be dismissed. Jax Ice and Cold Storage Co., et al. v. South Florida Farms Co., 91 Fla. 593, 109 So. 212.

Section 6021 (4092) C. G. L. 1927, provides that:

"All corporations shall continue bodies corporate for the term of three years after the time of dissolution from any cause, for the purpose of prosecuting or defending suits by or against them and enabling them to gradually settle their concerns, to dispose of and convey their property and to divide their capital stock, but for no other purpose."

The Interpleader suit was brought by the South Florida Farms Company September 23, 1922, the appeal in the cause was taken May 10, 1923, and the cause was submitted for final hearing in this Court November 28, 1923, while the three-year limitation for "prosecuting and defending suits" after dissolution of the corporation did not expire till April 22, 1924.

The fact that the decree of this Court reversing the decree of the Circuit Court was not rendered until April

8, 1926, does not affect the power of this Court on appeal duly taken to reverse a decree rendered in a cause that was instituted in the Circuit Court before the expiration of three years after the complainant appellee corporation had been dissolved. The suit was begun in the Circuit Court and prosecuted to a final decree in that court and an appeal was prosecuted to this Court and the cause submitted for final hearing in this Court before the expiration of three years after the dissolution of the corporation. The appeal to this Court was a continuation of the suit timely brought in the Circuit Court; and the suit having been duly begun and prosecuted to submission for final hearing in the Appellate Court within three years from the dissolution of the corporation, the time and manner of its decision was a matter for judicial determination.

The command of the alternative writ in effect is that the decree of May 10, 1923, be enforced by delivering to the relator the $10,470.09 that is in the registry of the Court, and that the reversal of the decree by this Court be disregarded, upon the theory that when the decree of reversal was rendered the South Florida Farms Company had been dissolved as a corporation and was then ''totally dead,'' and that because thereof this Court had no authority to reverse the decree of May 10, 1923, and to order the bill of complaint in the interpleader suit, on which the decree was predicated, to be dismissed by the lower court.

Answers filed by the respondents herein raise questions mainly of law. A motion to dismiss the alternative writ was also filed by the respondent Circuit Judge. The relator moved to strike portions of the answers and also moved that a peremptory writ be awarded.

The files of this Court show that the interpleader suit was brought September 23, 1922, by the South Florida

Farms Company against D. W. Stevenson, Marion O'Brien, Treadwell and Treadwell, Jax Ice and Cold Storage Company and the Security State Bank of Fort Ogden; that other parties were made defendant; that the decree in the interpleader suit was rendered May 10, 1923. The defendants took an appeal June 5, 1923, returnable September 1, 1923. One of the assignments of error was the overruling of the demurrer of the Jax Ice and Cold Storage Company to the bill of interpleader. The transcript of the record was filed in this Court September 10, 1923. Briefs for both appellants and appellee were filed, the cause being finally submitted on the filing of the reply briefs for the appellant on November 28, 1923. By permission of the Court supplemental briefs were later filed but the cause stood submitted for final hearing as of November 28, 1923, when the reply briefs were filed under the rules.

This Court has duly reversed the decree which the alternative writ of mandamus seeks to have enforced; and for that reason the alternative writ is quashed and this proceeding is dismissed.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.