ALAMO ICE COMPANY V. YANCEY & FOSTER.

(Case No. 5802)

1. GARNISHEE—INTERVENOR—RIGHT OF APPEAL—PRACTICE—A garnishee answered, admitting its indebtedness to defendants; an intervenor claimed that the money was due him, and not the defendant. The court sustained a demurrer to the plea of intervention, dismissed it from the suit, and rendered judgment in favor of plaintiff against the garnishee. *Held*, If the court erred in dismissing the intervention, it was the intervenor's right to complain, and the garnishee could only appeal from a refusal to make the proposed intervenor a party at its own solicitation.

APPEAL from Bexar.    Tried below before the Hon. Geo. H. Noonan.

Appellees, Yancy & Foster, instituted this action in the district court of Bexar county, October 30, 1884, against Crosby & Co., to recover the sum of $1,075.06, and caused writs of garnishment to be issued and served upon appellant.  Appellant filed an amended original answer as garnishee, December 31, 1884, admitting an indebtedness to Crosby & Co. of $409.60.  On September 10, 1885, Lauriston White filed a petition for intervention, claiming that the indebtedness of appellant was due him and not Crosby & Co.  That the amount admitted to be due appellant was a balance due for coal delivered to appellant, and that intervenor was the owner of the coal so sold and delivered, and not Crosby & Co., and that he was entitled to the balance.  Appellees filed exceptions to intervenor's petition for intervention, which exceptions were sustained by the court and the petition for intervention dismissed, and on the same day judgment was rendered against defendants. Crosby & Co., for $558.06, and against appellant, as garnishees, for the sum of $409.60.

*Breneman & Bergstrom*, for appellant, cited: Drake on Attach., 4th ed., sec. 460.

No briefs on file for appellees.

WILLIE, CHIEF JUSTICE.—The answer of the appellant to the writ of garnishment showed an indebtedness to the defendants Crosby & Co. Had no other party intervened in the suit, this answer would have entitled the plaintiffs to the judgment against the appellant. Lauriston White did intervene and set up a claim to the money admitted by the appellant to be due to the defendant in the suit.

Had the cause proceeded with all these parties before the court, an adjudication might have been had as to which was the creditor of the appellant, Crosby & Co., or the intervenor. The appellant would then have been fully protected by the judgment against the claim of the party defeated in the action. But the court sustained a demurrer to the plea of intervention and dismissed it from the suit.

The only parties then left in the cause were the plaintiffs, the defendant and the garnishee, and their pleadings showed no contest whatever as to the party to whom the debt was due by the appellant. On the contrary, the pleadings of the appellant, which had not been amended after it was notified by the plea of intervention, that White claimed the debt as due to himself, still asserted that it was due to the defendant in the suit. In this state of pleading there was but one judgment that the court could render, so far as the garnishee was concerned, and that was a judgment against it in favor of the plaintiffs. This the garnishee well knew, and yet it took no steps to protect itself against a future suit by the intervenor upon the indebtedness upon which it had been garnished. The proper and only course for it to have pursued, under the circumstances, was to have amended its answer, and set up the claim of the intervenor, and asked the court that the parties might be compelled to interplead, so that it might be determined to which its indebtedness was due.

Had it pursued this course, and the court had refused to make the intervenor a party at its instance, the garnishee could have had this action revised here upon its own appeal. But, instead of doing this the garnishee went to trial upon its original answer, admitting that the debt was due to the defendant, and it cannot complain that the court found in accordance with this admission. Neither can it complain that the court entered an order to the injury of another party, when that party does not complain of its action; and its own damage therefore might have been avoided by asking the protection of the court below. It is no answer to this to say that it was useless to ask the relief when the court had already denied it to the intervenor. It was necessary, at least, to lay the foundation for an appeal and revision of the judgment on behalf of the garnishee. For the error of the court, if there was any in dismissing the intervention, it was the

intervenor's right to complain. The garnishee could only appeal from a refusal to make the proposed intervenor a party at its own solicitation.

We see no error in the record which we can revise upon this appeal, and the judgment is affirmed.

AFFIRMED

[Opinion delivered May 4, 1886.]