## GRANT BROS. AUTO CO. *v.* COTTER.

1. INTERPLEADER—BILL IN NATURE OF INTERPLEADER.

   A bill of complaint by the bailee of an automobile for storage against his bailor and a stranger claimant, averring the commencement of replevin by the second and trover by the first, for the machine, and praying that they be required to interplead, is a strict bill of interpleader, not a bill in the nature of interpleader.

2. SAME—DEMURRER—ANSWER.

   On demurrer to a bill of complaint, the pleading must rest on its own averments distinct from any allegations of the answer of a joint defendant.

3. SAME—PLEADING.

   The bill should state distinctly the nature and character of the conflicting claims.

4. SAME—PARTIES.

   A strict bill of interpleader can only be filed by one in possession or control of the fund or thing in dispute.

5. SAME—TITLE.

   The bailee could not maintain the suit against his bailor and a stranger, not claiming through a common source.

6. SAME—EQUITY—ADEQUATE REMEDY AT LAW.

   In such a case, complainant has an adequate remedy at law under 3 Comp. Laws, § 10675, permitting either of the parties in replevin to set up a special property in the goods seized, and requiring judgment to be rendered accordingly.

Appeal from Wayne; Murfin, J. Submitted April 8, 1910. (Docket No. 42.) Decided June 6, 1910.

Bill of interpleader by the Grant Bros. Auto Company against John F. Cotter, special administrator of the estate of Septimus Gauthier, deceased, and Grace B. Hughes to determine the ownership of an automobile. From an order sustaining the demurrer of defendant Cotter, complainant appeals. Affirmed.

*Devine & Snyder*, for complainant.

*John F. Cotter* (*Henry C. Walters*, of counsel), for defendants.

BLAIR, J. The bill of complaint avers that prior to July 16, 1909, complainant received for storage from defendant Grace B. Hughes, and had in its possession on that day, an automobile upon which it had a lien for the sum of $495.58; that on the day last mentioned the defendant Cotter, claiming to be the owner and entitled to the possession of the automobile, took it upon a writ of replevin and sold it for the sum of $1,350, out of which he paid to complainant the amount of its lien; that on the 19th day of July, 1909, the defendant Hughes commenced an action of trover against complainant to recover the value of the automobile; that complainant has no interest in the automobile, and, before the commencement of said suits, was unable to determine which of said defendants was legally entitled to the possession thereof, and has at all times been willing to turn the same over to such person; that, if required to defend both suits, complainant—

"Would be unnecessarily molested, vexed, harassed, and annoyed by a multiplicity of suits about the matter in which neither it nor its predecessors have or ever have had any interest whatsoever outside of a lien for a small portion of the purchase money which was duly paid by the said John F. Cotter, special administrator, etc., upon the retaking of the aforesaid automobile under his writ of re-

plevin; that it would be put to a great and unnecessary expense in defending the aforesaid suits at law; that it would become liable to costs, none of which it could recover from any one person; and that by reason thereof it would suffer irreparable loss and injury. Your orator further represents that it does not in any respect collude with either of the aforesaid defendants touching the matter in controversy in this cause, nor is it in any manner indemnified by the defendants, or either of them, nor has it exhibited this, its amended bill of complaint, at the request of the defendants, or either of them, but merely of its own free will and to avoid being molested, vexed, and harassed, touching the matter contained herein."

The prayer for relief, among other things, asks that defendant Cotter pay the net result of the said sale ($854.42) into the hands of the register of the court to await the final disposition of the case; that complainant be discharged from further liability.

"That the said defendants may severally set forth to which of them the said automobile did of right belong and who was entitled to the possession thereof on the aforesaid 16th day of July, 1909, when the said automobile was taken from the possession of your orator by and under the aforesaid writ of replevin, and to which of them the aforesaid sum of $854.42 does of right belong and who is entitled thereto, and how in particular each of them makes out his claim thereto; that the said defendants may interplead and settle and adjust their demands between themselves, and this court may determine to which of them the said automobile did of right belong on the said 16th day of July, 1909; and that the said sum of money be paid over and surrendered to whomsoever shall, in the judgment of the court, it appear of right to belong."

The bill also prays for a temporary and permanent injunction against the further prosecution of the suits at law and prays for general relief.

On August 20, 1909, the defendant Grace B. Hughes filed her answer, substantially admitting the averments of the bill of complaint and alleging title to the automobile and the right to its possession by gift *causa mortis*

from Septimus Gauthier, subject to a lien of complainant for a portion of the purchase price:

" This defendant further shows that she is satisfied that the amount received from the sale of said automobile by the said John F. Cotter, special administrator, etc., to wit, the sum of $1,350, is adequate, and that she is satisfied with, and consents to, the payment to said complainant of the said sum of $495.58 in payment of the balance of the purchase price of and the repairs to said automobile.   All of which this defendant is ready to aver, maintain, and prove as this court shall direct, and she prays the benefit of a cross-bill against the defendant John F. Cotter, special administrator, etc., of the estate of Septimus Gauthier, deceased, and asks that this court may order that the said sum of $854.42, which was received by said John F. Cotter, special administrator, etc., on the sale of said automobile, may be paid to the register of this court, subject to the order of this court during the pendency of this suit, and that upon the final hearing of this cause this court may decree that the said sum of $854.42, being the balance of the purchase price of said automobile, may be paid to this defendant, and that the said John F. Cotter, special administrator of the estate of Septimus Gauthier, deceased, may be decreed to have no right, title, or interest therein, or in any part thereof, and that the said John F. Cotter, special administrator, etc., may be decreed to pay all and singular the costs of this suit, as well those taxed in favor of the complainant as those of this defendant in this behalf sustained, and for such other and further relief as in equity she is entitled to."

On September 9, 1909, the defendant Cotter filed a demurrer, stating the following grounds therefor:

" (1) That the complainant has not in and by its said bill made or stated such a case as does or ought to entitle it to any such relief as is hereby sought and prayed for against this defendant.

" (2) That the said complainant has a full, complete, and adequate remedy at law.

" (3) That the interest of said complainant in the subject-matter of the suit is such an interest as to defeat its claim of right to interplead this defendant.

" (4) That said complainant has possession of no fund or property, and therefore is not entitled to the relief of interpleader as prayed for.

"(5) That there is such a privity of contract between the complainant and defendant Grace B. Hughes, namely, that of principal and agent, as to deprive complainant of the neutral character necessary in an interpleader.

"(6) That there is not a sufficient statement of the facts upon which the claim of ownership of defendant Grace B. Hughes is based so as to show any right on the part of said Grace B. Hughes to demand possession of the subject-matter in suit.

"(7) That said court has no jurisdiction over the person of the defendant John F. Cotter, acting in his official capacity as special administrator of the estate of Septimus Gauthier, deceased."

The demurrer was sustained by the circuit court, upon the ground that the bill was a bill of strict interpleader, and that such a bill could not be maintained by bailees as to a controversy between their bailor and a stranger. Complainant has appealed to this court.

The bill appears upon its face to be a strict bill of interpleader, and not a bill in the nature of interpleader. *Stephenson* v. *Burdett*, 56 W. Va. 109 (48 S. E. 846, 10 L. R. A. [N. S.] 748); 11 Enc. Pl. & Prac. p. 479.

As against the demurrant, we cannot consider the allegations of the answer in support of the bill, but must determine the issue from the bill alone.

The bill should state distinctly the nature and character of the conflicting claims. 11 Enc. Pl. & Prac. p. 464. The present bill does not state the nature of the claim of either claimant.

A bill of strict interpleader can only be filed by one in possession or control of the fund or thing in dispute. 11 Enc. Pl. & Prac. p. 460. The present bill avers that complainant is not in possession of the thing or the fund derived from the sale thereof.

As this bill does not show a claim of title by the claimants through a common source, the bill was not maintainable, for the reasons stated by the circuit judge. 11 Enc. Pl. & Prac. p. 452, and cases cited in note and in the opinion of the circuit judge.

We are also of the opinion that the complainant has an adequate remedy through his defense to the replevin suit and can fully protect his interests and rights therein. 3 Comp. Laws, § 10675; *Long* v. *Barker*, 85 Ill. 431.

The decree is affirmed, with costs, but without prejudice to complainant's defense of the suits referred to.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.