NATIONAL FIRE INS. CO. OF HARTFORD, CONN., v. McEVOY FURNITURE CO. et al. (No. 7658.)

(Court of Civil Appeals of Texas. Dallas. Jan. 13, 1917. Rehearing Denied Feb. 17, 1917.)

1. GARNISHMENT ⟨⟩206 — PARTIES — CLAIMANTS.

A garnishee is entitled to have all claimants made parties in order that he may not be required to pay more than is justly owing defendant.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 398.]

2. GARNISHMENT ⟨⟩214 — PARTIES — CLAIMANTS.

In garnishment proceedings, the fact that the amount of a claim against the fund is less than the jurisdictional amount in the county court does not warrant court in refusing a motion to interplead such claimant, but the garnishee has the right to interplead all such claimants regardless of the amount of their claims.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 406.]

3. GARNISHMENT ⟨⟩214—EVIDENCE—PROOF OF CLAIMS.

In garnishment proceedings, it is error to exclude proof by garnishee of claim against the fund on the ground that such claim is less than the jurisdictional amount of suits in county court, since the garnishee has the right to prove all claims regardless of amount.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 406.]

4. GARNISHMENT ⟨⟩191—COSTS AND ATTORNEY FEES.

Garnishee is entitled to statutory attorney fee where it admitted indebtedness to defendant and sought protection of court only to determine conflicting claims and preclude double recovery.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 372–379.]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Action by the McEvoy Furniture Company against J. W. Morgan and the National Fire Insurance Company of Hartford, Conn., garnishee. Judgment for plaintiff, and the garnishee appeals. Reversed and remanded.

Crane & Crane, of Dallas, for appellant. J. J. Averitte and Wear & Frazier, all of Hillsboro, for appellees.

RAINEY, C. J. McEvoy Furniture Company sued J. W. Morgan in the county court of Hill county for $263, with interest and caused a writ of garnishment to issue to appellant insurance company.

Appellant answered that it was due Morgan on losses by fire $404.50, and by way of cross-action and petition in the nature of a bill of interpleader alleging that it had been garnished in a suit of E. B. Lary against said Morgan, pending in justice court precinct No. 1, Hill county, for $65, and interest, that Lary was claiming a lien that was owing by insurance company, and that the amount due by said insurance company would probably be insufficient to satisfy both claims, and prayed that McEvoy, Lary, and Morgan be cited to answer said bill of interpleader. Garnishee by way of amendment further answered before the service of the writs of garnishment that its authorized agents, Trezevant & Cochran, had drawn and delivered a draft on it for $404.50 in settlement of said claim to said Morgan; that said Morgan had sold same to the First National Bank of Itasca, Tex., and had obtained the money thereon; that said bank was claiming an interest in and lien upon said fund; that said bank be cited and made a party thereto; and that the court upon final hearing enter judgment directing it to pay the money to whomsoever it was due, and for costs of suit.

J. W. Morgan answered, disclaiming any interest in the funds in garnishee's hands. E. B. Lary answered, alleging that Morgan was due him $65; that he sued in the justice court and had his writ of garnishment served prior to McEvoy's; that Morgan had fraudulently obtained possession of said draft and had wrongfully disposed of it to the First National Bank of Itasca, etc.

The First National Bank of Itasca filed successively motion to quash garnishment proceedings and plea in abatement, which were overruled. It filed general and special exceptions to the answer of Lary, which were sustained, and Lary was dismissed from the case, because his claim "showed upon the face of the record that it was not within the jurisdiction of the court." The bank further answered that it was an innocent purchaser of the draft; that it was negotiable.

McEvoy replied by proper pleadings to the pleas of the other parties.

The result of a trial before a jury upon

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

instructed verdict by the court was a judgment in favor of the bank against the insurance company and McEvoy, and the insurance company was not allowed an attorney's fee on the ground as recited in the judgment that, it "having made itself a litigant and litigated some of the questions herein involved, and failed and refused to properly contest the claim of plaintiff in garnishment," it was entitled to no fee as garnishee. From this judgment the insurance company alone appeals to this court.

The first assignment of error complains, in effect, of the court's action in dismissing E. B. Lary from the garnishment proceedings at the instance of the First National Bank of Itasca. Its proposition submitted is:

"The several parties having asserted conflicting claims to money in the hands of the garnishee, the garnishee, having no interest in same, was entitled to have all parties asserting such claims brought before the court in the garnishment suit and their respective rights in and to said money adjudicated, so that a judgment conclusive upon all parties might be entered fully protecting it against having to pay the debt or part thereof twice."

The ground on which the court sustained the bank's exceptions to Lary's plea and dismissed him as a party was the claim to the garnished fund, which was only $65, and interest, and was therefore not within the jurisdiction of the county court.

[1, 2] The insurance company admitted its liability to be $404.50, and attempted to bring all parties into the garnishment proceeding to have the court adjudicate to whom the fund was due and that it might have a settlement of all conflicting claims, and so it would not be adjudged that it should pay more than it was justly due to pay. A garnishee is entitled to have all claimants made parties to the proceedings, that he may not be called upon to pay more than he is justly owing. The fund garnished in the hands of the insurance company was within the jurisdiction of the county court, and the insurance company had the right to interplead all claimants to it, regardless of the amount of the claim, and to adjudge to each, if any, the amount due, in order that the interpleader should not be forced to pay any one more than the amount of the fund held by the garnishee. By the judgment rendered in this case Lary was not bound by it, and it left the insurance company subject to further litigations as to whether it was bound to the garnishment issued at the instance of Lary in the justice court. This should not have been, but the right to the fund should have been settled in the county court. Therefore the court erred in dismissing Lary from this proceeding. Rochelle v. Express Co., 120 S. W. 543; Westmoreland v. Miller, 8 Tex. 168; Iglehart v. Moore, 21 Tex. 501; 23 Cyc. 10.

The second assignment of error is:

"The answer of garnishee showing that there was and is a garnishment suit pending against garnishee in the justice's court, precinct No. 1, Hill county, Tex., in which E. B. Lary is plaintiff, and J. W. Morgan is defendant, and that the said plaintiff, E. B. Lary, is seeking to subject the fund in garnishee's hands to the payment of a debt alleged to be owing him by the defendant J. W. Morgan, the court erred in sustaining the objection of the defendant First National Bank of Itasca to the testimony of the witness Hart and in refusing to permit garnishee to show by said witness that there was such a garnishment suit pending in said court, and that the defendant J. W. Morgan had been cited and made a party to said garnishment suit by garnishee, all of which is more particularly set out in garnishee's bill of exception No. 1."

The trial court excluded the testimony on the exception of the First National Bank of Itasca, as stated in the assignment of error just quoted.

[3] The insurance company had the right to protect itself from a double recovery. It being shown that the fund was not sufficient to pay both claims, it was error not to allow proof of the amount of Lary's claim.

[4] The third assignment of error complains of the court for not allowing garnishee an attorney's fee for filing its answer. The garnishee filed its answer admitting its indebtedness and submitted to the court the conditions under which it was situated. It admitted the amount, made no fight, and sought only the protection of the court to prevent a double recovery. This we think it had the right to do, and was entitled under the statute to an attorney's fee.

For the error indicated, the judgment against the insurance company is reversed, and the cause remanded.