## HENDRICK et al. v. JOHNSTON et al.

### No. 3472.

Court of Civil Appeals of Texas. Amarillo.

Oct. 29, 1930.

Rehearing Denied Dec. 3, 1930.

Carl Rountree, of Lamesa, and Bean & Klett, of Lubbock, for appellants.

Vickers & Campbell and Wilson, Randal & Kilpatrick, all of Lubbock, for appellees.

### RANDOLPH, J.

A judgment was obtained in the district court of Lubbock county by Miss Johnston, one of the appellees, against appellant W. L. Hendrick, on January 15, 1929, for the sum of $4,125, and on August 13, 1929, she filed a suit and garnishment after judgment, making the appellee M System Stores, Inc., garnishee therein. On August 20, 1929, the M System Stores, Inc., filed its answer in garnishment. Miss Johnston was a resident of the county of Lubbock, and the M System Stores, the garnishee, had its office for the transaction of its business in the town and county of Lubbock.

The garnishee's answer alleged the facts of a transaction between itself and M. P. Hendrick in which it was alleged that garnishee and M. P. Hendrick, on May 29, 1929, entered into a written contract whereby garnishee contracted to purchase from M. P. Hendrick a stock of furniture, fixtures, and grocery merchandise located in the M System store on the north side of the courthouse square in the town of Lamesa, in Dawson county, Tex.; that the garnishee contracted to pay for said property the sum of $5,250 cash for the fixtures and the invoice price of the merchandise; that said contract was signed, "M. P. Hendrick by W. L. Hendrick"; that all negotiations with reference to this contract were had by garnishee with W. L. Hendrick; that the garnishee had no knowledge or information regarding the ownership of the store other than disclosed by the contract, that the contract was partially carried out, the merchandise was invoiced and the property was delivered to garnishee; that the said M. P. Hendrick, acting by and through W. L. Hendrick and the said W. L. Hendrick individually, furnished to the garnishee a verified statement of the purported creditors of said business; that the indebtedness of the plaintiff in this suit was not listed in said affidavit, and that, in compliance with said contract, the garnishee deposited the sum of $1,000 in the First National Bank at Lamesa, Tex.; that it paid to said W. L. Hendrick the sum of $3,000 long prior to the date on which this writ of garnishment was served upon it; that the merchandise invoiced at $5,232.23, leaving a balance of $6,482.23 yet to be paid by the garnishee for the said store, for which sum the garnishee is indebted to whomsoever is entitled to recover same; that, shortly after said written contract was entered into between the garnishee and the said M. P. Hendrick, and before the property was invoiced

and the contract was ready for consummation, the plaintiff in this suit informed the garnishee that the said property had been the property of W. L. Hendrick, and that the proceeds of the sale of same were his property, and that he was indebted to her in the sum of $4,000, and that she expected to try to collect her money out of this sale; that thereafter the attorneys for said plaintiff informed the garnishee of similar facts and intimated that a garnishment would be sued out against this garnishee; that, when all of the negotiations and adjustments regarding the sale of said store were practically completed, the garnishee gave the plaintiff, on August 13, 1929, written notice that ten days after said date it would pay to said M. P. Hendrick the balance of the purchase price of the store;' that this notice was given to the plaintiff in an effort on the part of the garnishee to comply with the Bulk Sales Law of Texas (Rev. St. 1925, art. 4001) and because the plaintiff and her attorneys were contending that the property and the proceeds of its sale were, in fact, the property of the defendant W. L. Hendrick.

. Garnishee in its answer further alleged that M. P. Hendrick and J. M. Marks have filed suit in the district court of Dawson county, Tex., against garnishee, the First National Bank of Lamesa, Tex., and W. L. Hendrick, defendants, in which it is alleged that the M System Store at Lamesa, Tex., purchased by the garnishee, was the property of M. P. Hendrick and J. M. Marks, and that the garnishee is indebted to them for the sum of $7,603.35, under the contract hereinbefore described. and for the sum of $1,000 as liquidated damages, and that the defendant W. L. Hendrick is indebted to them for the sum of $950, which he appropriated to his own use out of the sum of $3,000 paid by the garnishee on said contract; that at the time of said suit the garnishee had never before heard of said J. M. Marks; that subject to the facts hereinbefore stated, and except as stated, the garnishee is not indebted to W. L. Hendrick in any sum and was not when the writ of garnishment was served upon it, and that it has no effects of the said W. L. Hendrick in its possession and had not when the writ was served upon it, and that it has no knowledge of any other persons who are indebted to said W. L. Hendrick or who have effects belonging to him in their possession.

Further garnishee alleges that the suit filed in the district court of Dawson county, Tex., against this garnishee and others, as hereinbefore set out, No. 1468 on the docket of said court, was filed August 15, 1929, after the writ of garnishment herein was issued and served upon garnishee; that the said M. P. Hendrick, J. M. Marks, and W. L. Hendrick, are residents of Dawson county, Tex.; that the First National Bank of Lamesa is a na-

tional banking corporation, duly organized and existing under the laws of the United States of America, with its office and place of business in Lamesa, Tex.; that the said parties are in possession of all the facts relating to the true ownership of said property and the proceeds of its sale, and the garnishee has no information of such facts, as hereinbefore set out, and the said parties should be brought into this suit and made parties thereto in order that the true facts may be shown and the rights of all parties adjudicated.

Further garnishee prays for attorney fees and that M. P. Hendrick, J. M. Marks, and W. L. Hendrick and the First National Bank of Lamesa be made parties to this suit, and that they be cited as required by law to answer herein, and that on final hearing the court make such orders as are necessary to protect its interest, and that it have judgment for its costs, including the sum of $500 attorney fees, and for all other and further legal and equitable relief to which it may be entitled.

The defendants W. L. Hendrick and J. M. Marks filed their pleas of privilege to be sued in Dawson county, and also filed their plea in abatement alleging the prior filing of their suit in Dawson county, and praying that the garnishment suit and the cross-action of garnishee M System Stores, Inc., be dismissed or stayed and abated until the Dawson county suit is finally disposed of, and that they have judgment in their behalf for all costs of court and for other and further relief in law and equity.

The evidence discloses that the garnishment suit filed by Miss Johnston and the service of the writ upon the M Store was had prior to the filing of the suit by W. L. Hendrick and J. M. Marks in Dawson county, but that the M System's answer in garnishment was not filed in the Lubbock district court until after the filing of the suit in Dawson county. For that reason defendants W. L. Hendrick and J. M. Marks contend that the suit in Dawson county, having been filed prior to the answer and cross-action in the Lubbock court, the district court of Dawson county had acquired jurisdiction of the matters and things at issue, and that the district court of Lubbock county was in error in holding to the contrary.

It will be observed from the above statement that the district court of Lubbock county had jurisdiction of the cause pending before it (i. e., the garnishment proceedings), and also of the person of the garnishee M System Stores, Inc., as one having its domicile in Lubbock county. In obedience to the requirements of the garnishment statutes, the garnishee filed its answer. It nowise seeks to evade its liability for the payment of the money due and owing upon said contract,

but only prays the court to decide between the rights of the parties claiming the debt owed by it, for its protection. Does the fact that the garnishee's answer discloses to the court matters of fact which may defeat its jurisdiction require an abatement of the garnishment proceedings? We think not. The district court of Lubbock county had rendered the original judgment under which the garnishment issued, and had obtained jurisdiction of the person of the garnishee by due service of process. At that time no suit had been filed in Dawson county. Subsequently, but prior to the filing of its answer in garnishment in the cause by the M Store, the suit was filed in Dawson county by parties claiming the proceeds of the sale of the store to garnishee.

■ We are of the opinion that the Lubbock county district court had the equitable power to protect the garnishee from having to pay its debt to two different claimants; hence the pendency of the suit in Dawson county did not deprive the Lubbock court of its jurisdiction. That court having acquired jurisdiction of the subject-matter and of the person of the garnishee, its equity power required it to render such judgment as would protect the garnishee from the claim of conflicting claimants, and for that purpose its jurisdiction extended to the bringing in of all parties necessary to the adjustment of such equities, even though they resided in other counties.

In the case of Rochelle v. Pacific Express Co., 56 Tex. Civ. App. 142, 120 S. W. 543, 545, an assault and robbery had been perpetrated upon an agent of the company at Redwater, Bowie county, Tex. The company offered a reward for the capture and conviction of the party committing the crime. The criminal was captured, tried, and convicted and sent to the penitentiary. Five persons each living in different counties, asserted, each for himself, claim to the reward. The express company filed suit in Bowie county, Tex., against each of the five claimants, to prevent the hazard of several suits for the same demand. Prior to the filing of the suit in Bowie county by the company, one of the claimants, a party by the name of Tilley, had instituted suit in McLennan county, in which he sought to recover of the express company the amount of the offered reward and to have adjudicated the rights of the other four claimants. The pendency of the suit in McLennan county was presented by plea in abatement to the district court of Bowie county. The Court of Civil Appeals at Texarkana held:

"The remedy of interpleader is allowed as a substantial right to the complainant, and he can seek the proper forum, to the end that in one principal action claimants might settle the contest among themselves, and not with him. He can enjoin pending suits against him, and thereby abate such suits pending the determination of his suit in interpleader. It is recognized as an exception to the general rule that it is orderly and allowable to interfere by injunction with proceedings in another court against complainant for the same debt, fund, or duty because of the peculiar nature of such actions and the necessity of drawing the entire litigation into the one principal action. 1 High on Injunctions, § 53; Westmoreland v. Miller, 8 Tex. 169. If he can abate pending suits by injunction, it is in proper reason because of the fact that the bill of interpleader becomes the principal action between the parties. It follows, we think, that appellees had the right to select the proper forum in which to file their bill, and that they did so in seasonable time. Appellees having the right, as we think they did, to file an original bill of interpleader, and the district court of Bowie county having full jurisdiction of the amount and the parties under subdivision 4, art. 1194, Rev. St. 1895, it was not a sufficient ground to abate the instant suit because it was permissible, if it were, to interplead all the parties in the suit in McLennan county. Appellees in their bill alleged that the district court of McLennan county was 'without jurisdiction to hear and determine the rights of all parties hereto, and that some of the said defendants will file, if they have not already done so, a plea of privilege to be sued in their own county, and that said plea of privilege under the laws of Texas will be good and be sustained, and the rights of defendants so pleading will not be and cannot be adjudicated and determined and concluded in said suit.' According to the allegations in Tilley's petition, none of these appellants resided in McLennan county. Tilley's suit by his petition stood in the legal attitude of being an action for debt by him, and not a suit for specific property, against appellees. He claimed the whole of the reward, except for the recovery of the money, and alleged that the appellants besides himself had no claim thereto. Therefore in his suit for debt the other appellants herein, having no joint or equal interest in Tilley's debt, were neither necessary nor proper parties to the suit. Being neither necessary nor proper parties to his suit, the district court of McLennan county, as against their plea, was without jurisdiction to conclude the appellants in the controversy as pleaded by Tilley. If the district court of McLennan county was without jurisdiction over the appellants, then the appellees' allegation was true. One of the recognized grounds of jurisdiction for injunction in a suit of this nature, where several separate claimants sue or threaten suit for the debt or duty, is, as we quote from School District v. Weston, 31 Mich. 86, 'the danger of being harassed with two suits for the same demand.'"

We do not consider the proposition that the filing of the answer in garnishment and the prayer for the court to exercise its equity power to bring in other claimants to the fund in its hands was the institution of a new suit or the assertion of a cause of action in its favor by the garnishee, M System. The garnishee was not seeking a judgment for money or property against the plaintiffs in the Dawson county suit; hence it was not trying to invoke the jurisdiction of the Lubbock court in a "cause of action."

An insurance company, admitting the indebtedness sued for where there were various parties claiming the fund in its hands, had the right to have all claimants to the fund made parties to a suit to protect itself against a double recovery. And this is the rule, regardless of the amount of their claims, the trial court having jurisdiction of the amount of the fund sought to be protected. National Fire Insurance Co. v. McEvoy Furniture Co. (Tex. Civ. App.) 192 S. W. 270.

This court, in the case of Canfield v. Wright, 267 S. W. 301, lays down the rule to be that, if the garnishee desires to be protected from a double recovery, he must have interpleaded the other claimants to the fund. See, also, Payne v. Finley (Tex. Civ. App.) 291 S. W. 944, 945; Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S.W. 403.

Article 4095, R. C. S. 1925, provides that, where the answer of the garnishee is controverted, he being a resident of the county in which the garnishment proceeding is pending, an issue shall be formed under the direction of the court and tried as other cases. If the issue as to which of the claimants are entitled to the fund garnished, is there formed, a court of equity would be blocked in ascertaining the rightful claimant unless it had jurisdiction on request of the fund holder to bring all claimants before it.

Upon the question of priority of suit between the district court of Lubbock county and that of Dawson county we cite an opinion by the Supreme Court in King & King v. Porter, 113 Tex. 198, 252 S. W. 1022, holding:

"It is well settled that the jurisdiction in the trial court in proceedings of garnishment is that of the original suit. The question here presented is: Is appellate jurisdiction in garnishment proceedings the same as that of the original suit?

"We think so. A garnishment proceeding is ancillary to and a part of the principal action, and not only must it be brought in the court of the principal action, but when brought after final judgment in the original suit the court will take judicial knowledge of such judgment. Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563. Thus its justification and efficacy are grounded in the original action.

"The court in which the original suit was filed had already acquired jurisdiction of the original parties and of the subject-matter of that suit (upon which the garnishment depends), and of all processes for enforcing its judgment thereon. The garnishment proceeding is ancillary to and a part of the original suit, and the court in that suit having acquired jurisdiction of the subject-matter for all purposes, including the enforcement of its judgment, it necessarily follows that its jurisdiction extends to all issues raised in the enforcement of that judgment, and that its jurisdiction controls the appellate jurisdiction of such issues on appeal.

"The jurisdiction of the Court of Civil Appeals in this case is based upon the fact that the garnishment proceeding is only an incident to the original suit. It is a part of the original suit, and jurisdiction, both of the trial court and of the appellate court, is based upon the original suit as contemplated by the statutes.

"The garnishment proceeding could have been brought in no other court than the one in which the original suit was brought. Simmang v. Ins. Co., 102 Tex. 41, 112 S. W. 1044, 132 Am. St. Rep. 846; Townsend v. Fleming et al. (Tex. Civ. App.) 64 S. W. 1006; Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563.

"Suits in garnishment are ancillary to and a part of the original suit, and cannot be separated therefrom. The amount in controversy in the garnishment proceeding is not the only jurisdictional fact in it. All rights under garnishment are based upon the existence and the validity of the judgment in the original suit, and the effectiveness and validity of the garnishment stands or falls with said original judgment."

Being of the opinion that the district court of Lubbock county did not err in overruling the plea in abatement and the pleas of privilege, we affirm the judgment of the trial court.