**WALL et al. v. WALL et al.**
No. 5631.

Court of Civil Appeals of Texas. Amarillo.
May 29, 1944.

Rehearing Denied July 3, 1944.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, for appellant Fort Worth Nat. Bank.

Clark M. Mullican and W. W. Campbell, both of Lubbock, for appellant Lillie C. Wall.

Thomas E. Hayden, Jr., of Abilene, for appellee L. A. Wall.

STOKES, Justice.

This is an appeal from an order of the 99th District Court of Lubbock County sustaining pleas of privilege of the appellee, L. A. Wall, to be sued in Taylor County, the county of his residence. The record reveals that in August 1943, the appellee, L. A. Wall, filed a suit against Elmo Wall and his wife, the appellant, Lillie C. Wall, in the District Court of Taylor County upon a promissory note executed by Elmo Wall, payable to L. A. Wall, in the sum of $9641.98, and on August 18, 1943, L. A. Wall filed in the same court an application for a writ of garnishment, which was issued and served upon the Fort Worth National Bank and the First National Bank of Fort Worth on August 20, 1943. Appellant, Lillie C. Wall, filed in that cause a plea of privilege to be sued in Lubbock County where she and her husband, Elmo Wall, resided, but before the plea of privilege was acted upon, the Taylor County district court, upon motion of the plaintiff in that case, L. A. Wall, dismissed her from the suit. On September 9, 1943, Lillie C. Wall filed the instant suit in the 99th District Court of Lubbock County for divorce from her husband, Elmo Wall, and made appellee, L. A. Wall, the Fort Worth National Bank, and the First National Bank of Fort Worth parties defendant, alleging that the appellee, L. A. Wall, was a brother of her husband, Elmo Wall, and that the note upon which he had brought the suit in the Taylor County district court was fictitious and fraudulent; that it was created through a conspiracy between her husband and his brother, the payee, to defraud her of her interest in community funds by creating a fictitious debt against the community and permitting L. A. Wall to collect or recover the same and then surreptitiously return it to her husband. She alleged that the two banks at Fort Worth had on deposit as community funds between herself and her husband, and in their joint accounts, approximately eleven thousand dollars and that the purpose of the garnishment suit was to subject these community funds to the fictitious debt represented by the note held by L. A. Wall. She prayed that she be granted a divorce from her husband, Elmo Wall, and for a partition of the community property; that the two banks be adudged stakeholders of the money on deposit to the joint accounts and that they be ordered to pay the same into the registry of the 99th District Court of Lubbock County for partition along with other community property; and that any and all claims of indebtedness held against her husband, Elmo Wall, by his brother, L. A. Wall, be adjudged of no force and effect in so far as her rights and interests were concerned and that, as to her, they be canceled and held for naught.

The writs of garnishment issued out of the District Court of Taylor County were served upon the Fort Worth banks on August 20, 1943, requiring them to answer on September 11, 1943, and on that day each of them filed its answer, the First National Bank admitting it had on deposit to the joint account of Lillie C. Wall and Elmo Wall $2801.51, and the Fort Worth National Bank admitting it had on deposit in a like account the sum of $7186.72. On October 1, 1943, the Fort Worth National Bank filed in the 99th District Court of Lubbock County its answer in this cause, which was amended January 12, 1944, and on September 17, 1943, the First National Bank filed its original answer in this cause, which was amended October 30, 1943. In both of the amended answers the banks made allegations requisite to bills of interpleader, in which they alleged the facts concerning the accounts on deposit in the names of Lillie C. Wall and Elmo Wall, and the facts in connection with the suit pending in the District Court of Taylor County, including the writs of garnishment that had been issued and served upon them. They also alleged that the 99th District Court at Lubbock had exclusive venue and jurisdiction under the facts to determine the ownership, rights, and equities between all of the contending parties with respect to the funds impounded by the writs of garnishment issued out of the District Court of Taylor County, and that unless venue and jurisdiction were entertained by the 99th District Court of Lubbock County,

the banks would be subjected to judgment of the District Court of Taylor County and also of the 99th District Court of Lubbock County, and subjected to vexation and expense of litigation upon the same liability in both such district courts. They prayed for an order directing the proper payment of the respective funds held by them, for attorneys' fees, and necessary expenses, including court costs.

Appellee, L. A. Wall, filed in this cause three separate pleas of privilege, which are involved in this appeal, one being addressed to the pleadings of Lillie C. Wall and the other two addressed to the alleged bills of interpleader filed by the banks. On January 24, 1944, the pleas of privilege and controverting affidavits and contests thereof, filed by Lillie C. Wall and each of the banks, were heard by the court, each of the pleas of privilege sustained and the cause of action asserted against L. A. Wall by Lillie C. Wall, as well as the bills of interpleader filed by the banks, was ordered transferred to the 42nd District Court of Taylor County, where the original suit of L. A. Wall v. Elmo Wall et ux., and the garnishment were pending. Lillie C. Wall and the Fort Worth National Bank excepted to the order of the court sustaining the pleas of privilege and have duly perfected appeals therefrom.

A number of assignments of error are presented and urged by the appellants in separate briefs but we do not consider it necessary to discuss them in detail. In substance, they are that the court erred in sustaining the pleas of privilege of L. A. Wall against the bills of interpleader filed by the two banks. The contention is based upon the theory that the complainant in a bill of interpleader has the right to select the proper forum for his suit, and the banks having, in effect, instituted bills of interpleader by their answers and selected the District Court of Lubbock County, the county in which Lillie C. Wall and her husband reside, the court below erred in sustaining the pleas of privilege and removing the cause of action to the District Court of Taylor County.

■ In so far as the appellee, L. A. Wall, is concerned, without reference to the bills of interpleader filed by the banks, no serious contention is made that L. A. Wall could be held as a party defendant against his plea of privilege in the District Court of Lubbock County upon the allega-

tions of Lillie C. Wall, and indeed no such proposition could be maintained. It is well-settled law in this State that a nonresident third party cannot be brought into a divorce suit against his plea of privilege to be sued in the county of his residence and forced to litigate the validity of claims or interests held by him that are not specifically subject to the court's jurisdiction under the venue statutes. Scott v. Scott, 133 Tex. 1, 123 S.W.2d 306; Scott v. Scott, Tex.Civ.App., 126 S.W.2d 525; Mullins v. McDowell, Tex.Civ.App., 142 S. W.2d 699. Under the holdings of the courts in the cited cases, appellant, Lillie C. Wall, could not hold the appellee, L. A. Wall, as a defendant in her divorce suit in Lubbock County against his plea of privilege, and his plea of privilege, in so far as her suit was concerned, was properly sustained by the trial court. This reduces our discussion to the one question of whether or not the court erred in sustaining the pleas of privilege filed by L. A. Wall as to the alleged bills of interpleader filed by the two banks.

■ A bill of interpleader is a creature of equity and the proceeding is therefore controlled by the equity practice. Under the traditional equitable rule that equity follows the law, the bill does not lie where there is available to the complainant a plain, adequate, and complete remedy at law. The banks were garnished by the District Court of Taylor County under the legal process of garnishment provided by Articles 4076 et seq., R.C.S.1925. They had the right, and it was their duty, to answer the writs of garnishment with all of the essential allegations required of a bill of interpleader. They therefore had no right to institute a separate equitable proceeding for the purpose of obtaining the same relief. Continental Nat. Bank of Fort Worth v. Smith, Tex.Com.App., 286 S.W. 163; Killian v. Ebbinghaus, 110 U.S. 568, 4 S.Ct. 232, 28 L.Ed. 246; Hoyt v. Gouge, 125 Iowa 603, 101 N.W. 464; McDonald v. Allen, 37 Wis. 108, 19 Am.Rep. 754; Jax Ice & Cold Storage Co. v. South Florida Farms Co., 91 Fla. 593, 109 So. 212, 48 A.L.R. 957; Grant Bros. Auto Co. v. Cotter, 161 Mich. 521, 126 N.W. 839.

■ Appellants contend with much earnestness that the banks, being mere stakeholders, claiming no interest in the funds held by them, and being threatened by the claim of L. A. Wall under his gar-

820

nishment in the District Court of Taylor County, and by Lillie C. Wall under her allegations in the instant suit in Lubbock County, had the right to select the proper forum in which to file their bills of interpleader and that since they had selected the proper forum, the District Court of Lubbock County, where two of the claimants reside, they had the legal right to maintain their bills of interpleader in the latter court. As a general proposition, and without reference to the garnishment proceeding, this assertion of appellants is correct. Rochelle v. Pacific Express Co., 56 Tex.Civ.App. 142, 120 S.W. 543. Before such right can be asserted, however, the stakeholder must show himself entitled to the bill of interpleader, that he does not have an adequate remedy at law, and that it is necessary that he institute the equitable proceeding. In this case there was no necessity for the affirmative action involved in an independent bill of interpleader, because there was available to the banks full and adequate relief in the nature of a defensive course by filing proper answers to the writs of garnishment pending in the District Court of Taylor County. Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 99 S.W. 403; Continental Nat. Bank of Fort Worth v. Smith, supra. The legal right of a stakeholder to pay into court the fund held by him and constituting the subject of the litigation is not confined to the equitable bill of interpleader. It has long been recognized by the courts of this State as one of the legal rights of the holder of such a fund, or of a garnishee in a garnishment proceeding, to shed himself of the responsibility by paying the fund into court and permitting the claimants to litigate their rights to it. In order to secure himself against vexatious claims or litigation, or having to pay the same obligation more than once, a garnishee is entitled to have all claimants made parties to the garnishment proceeding. National Fire Ins. Co. of Hartford, Conn., v. McEvoy Furniture Co., Tex.Civ.App., 192 S.W. 270; Missouri Pac. R. Co. v. Whipker, 77 Tex. 14, 13 S.W. 639, 8 L.R.A. 321, 19 Am.St.Rep. 734; Alamo Ice Co. v. Yancey, 66 Tex. 187, 18 S.W. 499; Texas Loan Agency v. Gray, 12 Tex.Civ.App. 430, 34 S.W. 650; Smith v. Texas & P. Ry. Co, Tex.Civ.App., 39 S.W. 969; North British & Merc. Ins. Co. of London & Edinburg v. Klaras, Tex. Com.App., 222 S.W. 208.

█ Appellants assert that the banks could not subject appellant, Lillie C. Wall, to the jurisdiction of the Taylor County district court because she had filed her plea of privilege in the case filed in that court by L. A. Wall upon the promissory note and, upon the filing of her plea of privilege, upon motion of the plaintiff the court had dismissed her from the suit and the question of venue in so far as she was concerned was thereby adjudicated to be in the District Court of Lubbock County. This contention of appellants may be sound in so far as L. A. Wall is concerned, but it does not apply to the garnishees. The cause of action is by no means the same and the banks had nothing to do with the plea of privilege filed by Lillie C. Wall or the action of the court in dismissing her from that suit. In a case very similar to the instant case, this Court held that the court where the garnishment was pending had the equitable power to protect the garnishee from having to pay its debt to two different claimants and that the pendency of a suit in another county did not deprive the garnishing court of that jurisdiction. Having acquired jurisdiction of the subject matter and of the person of the garnishee, the equitable powers of the court required it to render such judgment as would protect the garnishee from conflicting claims and for that purpose its jurisdiction extended to the bringing in of all parties necessary to the adjustment of such equities, even though they resided in other counties. Hendrick v. Johnston, Tex.Civ. App., 32 S.W.2d 883. Regardless of the plea of privilege filed by Lillie C. Wall in the Taylor County district court and the action of that court in dismissing her from that suit, the garnishees in the garnishment case had the right to bring in Lillie C. Wall as a party defendant. She was asserting a claim to the funds held by them which was adverse to that of her husband, Elmo Wall, and also adverse to that of L. A. Wall, and she was therefore a necessary party to the garnishment suit in order that the garnishee banks might be protected by that court from the conflicting claims.

We have carefully considered all of the assignments of error and contentions presented by the appellants and, in our opinion, the pleas of privilege were properly disposed of by the court below. The judgment will therefore be affirmed.