FULTON BAG & COTTON MILLS,
Appellant,

v.

VALLEY PRODUCTS CORP. et al.,
Appellees.

No. 14909.

Court of Civil Appeals of Texas.

Dallas.

March 11, 1955.

Rehearing Denied April 15, 1955.

242

Lane, Savage & Counts, Dallas, for appellant.

Hutcheson, Taliaferro & Hutcheson, Houston, Sharpe, Cunningham & Garza, Brownsville, Touchstone, Watson & Watson and Golden, Croley, Howell, Johnson & Mizell, Dallas, and Richard M. Keiser, Harlingen, for appellees.

DIXON, Chief Justice.

This appeal involves (1) a garnishment proceeding after judgment filed in a District Court of Dallas County; (2) a suit for debt and an ancillary garnishment proceeding, both thereafter filed in the District Court of Willacy County; and (3) an answer and a suit by way of interpleader filed in the District Court of Dallas County by the one garnishee named in both of the two garnishment proceedings above mentioned.

On September 2, 1953 appellant Fulton Bag & Cotton Mills filed its application in the 134th District Court, Dallas County, Texas, for a writ of garnishment based on a judgment for $6,125.25 rendered January 25, 1951 in favor of garnishor against E. Cannon, also known as E. E. Cannon. The writ of garnishment was served on Globe & Rutgers Fire Ins. Co., garnishee, on September 3, 1953, requiring garnishee to answer what, if anything, garnishee was indebted, etc., to E. Cannon also known as E. E. Cannon.

On September 3, 1953 there was pending in the District Court of Willacy County, Texas a suit for debt filed by Guy Thompson, Trustee for the St. Louis, Brownsville & Mexico Railway Co., against the Valley Products Corporation. Ancillary to said suit, the Trustee filed a garnishment proceeding September 3, 1953 and caused a writ of garnishment to be served on Globe & Rutgers Fire Ins. Co. on September 4, 1953. This writ not only required the garnishee to answer whether it owed the defendant Valley Products Corporation an indebtedness, but also to answer " * * * what, if anything, you are indebted to any of the following persons in the capacity of corporate officers of the said Valley Products Corporation,

E. Cannon, Mrs. Alpha Cannon * * * and what effects, if any, of any of the above named persons in their capacities as corporate officers, and for the benefit of Valley Products Corporation you had in your possession * * * when this writ was served."

It will be observed that the two garnishors were proceeding against the same garnishee, but against different named debtors. Appellant Fulton Bag & Cotton Mills, one of the garnishors, based its garnishment proceedings on a judgment against E. E. Cannon. Appellee Guy Thompson, Trustee for the railroad, the other garnishor, based his garnishment proceeding on a suit for debt against Valley Products Corporation. E. E. Cannon is president of Valley Products Corporation. Alpha Cannon is Secretary-Treasurer. They are husband and wife.

On September 14, 1953 Globe & Rutgers Fire Ins. Co., garnishee in both proceedings, answered in the Dallas District Court, denying under oath that it was indebted to E. E. Cannon "except as hereinafter set forth." The answer then described in detail the garnishment proceeding which had been instituted against it in Willacy County, Texas.

Garnishee's answer then went on to say that on January 17, 1953 it had issued its policy No. 5339 in the amount of $2,500 on the contents of the one story metal roof ironclad building located at 514 Broadway Street in Lyford, Texas, in which policy the named insured was Alpha Cannon.

The answer further went on to say that on June 11, 1953 garnishee had issued its policy No. 5338 in the amount of $3,000 on one sheetrock, ironclad building located at 514 Broadway Street in Lyford, Texas, in which policy the named insured was Valley Products Corporation.

On August 16, 1953 a fire had occurred which damaged both the building and its contents. Thereafter proof of loss was made under policy No. 5338 by Valley Products Corporation, by E. E. Cannon, President, for $3,000 for damages to the building. And proof of loss was made under policy No. 5339 by Alpha Cannon for $2,500 for damage to the contents of the building, the latter proof being signed by both Alpha Cannon and her husband E. E. Cannon.

Garnishee's pleading is not only an answer to appellant's writ of garnishment; it is also a pleading in the nature of a bill of interpleader. Asserting that it was entitled to protection against double liability, garnishee named as defendants Guy Thompson, Trustee, Valley Products Corporation, E. E. Cannon and Alpha Cannon. The prayer asked that the defendants be required to interplead against each other and plaintiff as to the rights of each of them to the proceeds of each of the two policies. The amounts of the policies were tendered and were subsequently paid into the treasury of the court.

On September 29, 1953 garnishor in the Dallas County proceedings, Fulton Bag & Cotton Mills, controverted garnishee's answer, and on April 22, 1954 filed its amended controverting affidavit in which it alleged that garnishee's answer was incorrect in so far as it alleged directly or indirectly that E. Cannon, also known as E. E. Cannon, did not own the proceeds of both policies. It also alleged that the proceeds were the community property of E. Cannon and Alpha Cannon, and that Valley Products was a one-man corporation, a mere legal fiction, existing in name only, all the stock standing in the name of Alpha Cannon and being community property, except an insignificant number of shares.

On October 19, 1953 Alpha Cannon answered that the contents of the building were her sole and separate estate and so were the proceeds of policy No. 5339, but she disclaimed any interest in the building or the proceeds of policy No. 5338. Valley Products Corporation answered that it was the sole owner of the building and of the proceeds of policy No. 5338, but disclaimed any interest in the contents, or the proceeds of policy No. 5339. E. E. Cannon answered that he owned no interest in

either the building or its contents, and therefore owned no interest in the proceeds of either policy.

On November 30, 1953 Guy A. Thompson, Trustee for the railroad, filed a motion to quash and a plea to the jurisdiction. The Trustee alleged that garnishor Fulton Bag & Cotton Mills in its application and in its writ of garnishment asserted and had no right, claim or judgment against Valley Products Corporation; that garnishor Guy Thompson, Trustee, was asserting only a claim to the proceeds of policy No. 5338 wherein Valley Products Corporation is the named insured; that the writ of garnishment which the Trustee caused to be issued out of the District Court of Willacy County is the only writ arising from a claim against Valley Products Corporation, and is prior in time and right to any claim of Garnishor Fulton Bag & Cotton Mills in regard to policy No. 5338; that the controverting answer of garnishor Fulton Bag & Cotton Mills does not challenge but admits the legal existence of Valley Products Corporation; and that the issues tendered in the controverting answer of Fulton Bag & Cotton Mills are properly triable in the District Court of Willacy County, Texas, wherein the garnishment was actually perfected against the proceeds of the policy of Valley Products Corporation.

On February 12, 1954 by agreement of all parties, garnishee Globe & Rutgers Fire Ins. Co., having paid into the registry of the court the full amount due on both policies, was finally discharged with an allowance for attorney's fees, without prejudice to the rights of the remaining parties.

On February 22, 1954 Valley Products Corporation filed a motion to quash the garnishment proceedings instituted in Dallas County by garnishor Fulton Bag & Cotton Mills. It claimed no interest in any policy issued to Alpha Cannon or E. Cannon. But it asserted that it claimed the sole interest in policy No. 5338 in which it was the named insured; that Valley Products Corporation was not a party to the suit in which garnishor Fulton Bag & Cot-

ton Mills obtained a judgment against E. Cannon, nor had any judgment been recovered against it by said garnishor.

On April 30, 1954 the court sustained the motions to quash and the Trustee's plea in abatement (jurisdiction) directed against the garnishment proceedings instituted by garnishor Fulton Bag & Cotton Mills in Dallas County in so far as said proceedings might affect the proceeds of policy No. 5338 in which Valley Products Corporation was the named insured. The court also dismissed Valley Products Corporation and Guy Thompson, Trustee, from the Dallas County suit, and ordered the proceeds of policy No. 5338, approximately $3,074.34, transferred to the District Court of Willacy County to be subject to the orders of that Court.

The effect of the above judgment was to leave pending in the Dallas County District Court that part of appellant's garnishment suit and garnishee's interpleader suit involving insurance policy No. 5339 in the amount of $2,500 in which Alpha Cannon is the named insured. This appeal is only from the court's order quashing appellant's suit and sustaining the plea to the jurisdiction in so far as it might affect the contest over the proceeds of policy No. 5338 in which Valley Products Corporation is the named insured, concerning which the Trustee instituted garnishment proceedings in Willacy County.

Appellant has briefed four points of alleged error by the trial court: (1) the sustaining of the motions to quash of the impleaded defendants Valley Products Corporation and Guy Thompson, Trustee, the ordering of the funds transferred fom the jurisdiction of the Dallas County District Court, the sustaining of the plea to the jurisdiction of Guy Thompson, Trustee, and the dismissing of said defendants from the case; because (2) the defendants were not proper parties to file said motions and pleas; (3) the quashing of appellant's writ of garnishment in whole or in part; and (4) the lack of a legal basis for sustaining the plea to the jurisdiction by reason of any priority of the garnishment

proceeding filed in Willacy County by Guy Thompson, Trustee. However, our holdings on all four of these points depend on our answer to this one question: Did the Dallas County District Court, or the Willacy County District Court have jurisdiction to adjudicate the rights of the contesting parties to the proceeds of policy No. 5338 in which Valley Products Corporation is the sole named insured?

It is the position of appellant that the answer and interpleader suit of garnishee Globe & Rutgers Fire Ins. Co. in the Dallas County garnishment suit, and the traverse of such answer and interpleader suit by appellant have made issues for trial on the merits in the Dallas County suit as to all the impleaded parties.

 It is well established that among courts of co-ordinate authority proper issues in a pending case are to be passed on by the court which has prior jurisdiction of the parties and their cause of action. Other courts of co-ordinate authority may not interfere with the first court's action. If the rule were otherwise endless confusion would result from two or more courts entering conflicting orders and judgments affecting the same parties, issues, and causes of action. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Wheelis v. Wheelis, Tex.Civ.App., 226 S.W.2d 224; Cockburn v. Noxon, Tex.Civ.App., 135 S.W.2d 516; Long v. Long, Tex.Civ.App., 269 S.W. 207. Applying this rule we must hold that the 134th District Court of Dallas County, Texas, had prior jurisdiction to try all issues which were raised in the garnishment proceeding filed by Fulton Bag & Cotton Mills against Globe & Rutgers Fire Ins. Co., garnishee. The Dallas garnishment proceeding was filed September 2, 1953, one day earlier than the Willacy County garnishment proceeding; and service was obtained in the Dallas proceeding on September 3, 1953, one day earlier than service was obtained in the Willacy County proceeding.

 Globe & Rutgers Fire Ins. Co., garnishee, answered in the Dallas County proceeding, and further by way of interpleader selected the Dallas County Court as the forum for the adjudication of the rights of adverse claimants to the money which had been impounded in its hands. It has been held, and we think properly, that a garnishee under the facts similar to those present in this case, has a legal right to take such action. Wall v. Wall, Tex. Civ.App., 181 S.W.2d 817; Hendrick v. Johnston, Tex.Civ.App., 32 S.W.2d 883.

In Wall v. Wall, supra, it is said, 181 S.W.2d at page 820: "The legal right of a stakeholder to pay into court the fund held by him and constituting the subject of the litigation is not confined to the equitable bill of interpleader. It has long been recognized by the courts of this State as one of the legal rights of the holder of such a fund, or of a garnishee in a garnishment proceeding, to shed himself of the responsibility by paying the fund into court and permitting the claimants to litigate their rights to it. In order to secure himself against vexatious claims or litigation, or having to pay the same obligation more than once, a garnishee is entitled to have all claimants made parties to the garnishment proceeding. National Fire Ins. Co. of Hartford, Conn. v. McEvoy Furniture Co., Tex.Civ.App., 192 S.W.2d 270; Missouri, Pac. R. Co. v. Whip[s]ker, 77 Tex. 14, 13 S.W. 639, 8 L.R.A 321, 19 Am.St.Rep. 734; Alamo Ice Co. v. Yancey, 66 Tex. 187, 18 S.W. 499; Texas Loan Agency v. Gray, 12 Tex.Civ.App. 430, 34 S.W. 650; Smith v. Texas & P. Ry. Co., Tex.Civ.App., 39 S.W. 969; North British & Mercantile Ins. Co. of London & Edinburg v. Klaras, Tex.Com. App., 222 S.W. 208."

 In its controverting affidavit appellant Fulton Bag & Cotton Mills, garnishor in the Dallas County suit, swore that: "Although there apparently existed at one time a Texas Corporation called Valley Products Corporation, said corporation was at all times material hereto a one-man corporation, all the stock therein being owned as the community property of E. Cannon and his wife, Alpha Cannon, and all the stock, except an insignificant num-

ber of shares thereof, standing in the name of the said Alpha Cannon. Plaintiff alleges that said Corporation was never, in fact, conducted by the alleged stockholders thereof as a corporation, but that it existed in name only and as a mere legal fiction through which E. Cannon conducted his business of buying and selling products. Alleged property of the said Valley Products Corporation was treated by the stockholders thereof as belonging to them and in fact no distinction between the activities of the said E. Cannon when he was purporting to act individually and when he was purporting to act through the corporation existed. Plaintiff alleges that only one account was ever maintained for purposes of the activities of the said E. Cannon, when he was purporting to act individually and the activities when he was purporting to act through the corporation, and such account was maintained in the name of Alpha Cannon his wife, and all checks on said account were drawn by her. The alleged assets of the Valley Products Corporation in fact constituted assets of the community of E. Cannon and his wife Alpha Cannon; particularly, the proceeds of the policies of insurance herein garnished, constituted assets of the community of E. Cannon and Alpha Cannon, his wife. Therefore, the fact that said policies were payable to Valley Products Corporation instead of E. Cannon, is of no factual or legal significance." These allegations were sufficient to raise an issue which, if properly supported by evidence at a trial on the merits, might result in a judgment entitling appellant at least to share in the proceeds of policy No. 5339, in which Valley Products Corporation was the named insured. Gill v. Smith, Tex.Civ. App., 233 S.W.2d 223; Merrell v. Timmons, Tex.Civ.App., 140 S.W.2d 480, affirmed 138 Tex. 250, 158 S.W.2d 278; First National Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, at page 103, 125 A.L.R. 265; Bush v. Gaffney, Tex. Civ.App., 84 S.W.2d 759; 10 T.J. 648–653; Home Investment Co. v. Strange, Tex. Civ.App., 152 S.W. 510, at page 512, reversed on other grounds 109 Tex. 342, 195 S.W. 849; 10 T.J. 648–654.

Appellees point out that the above mentioned issue was not raised by appellant in its original garnishment affidavit, but was raised for the first time by appellant in its controverting affidavit, which was filed after the suit and garnishment proceeding had been filed in Willacy County. Consequently, say appellees, the Willacy County District Court has a prior right to adjudicate the particular issue.

The point has been passed upon adversely to appellees' contention. We quote from the opinion in Hendrick v. Johnston, Tex. Civ.App., 32 S.W.2d 883, at page 885: "The district court of Lubbock county had rendered the original judgment under which the garnishment issued, and had obtained jurisdiction of the person of the garnishee by due service of process. At that time no suit had been filed in Dawson county. Subsequently, but prior to the filing of its answer in garnishment in the cause by the M Store, the suit was filed in Dawson county by parties claiming the proceeds of the sale of the store to garnishee. We are of the opinion that the Lubbock county district court had the equitable power to protect the garnishee from having to pay its debt to two different claimants; hence the pendency of the suit in Dawson county did not deprive the Lubbock court of its jurisdiction. That court having acquired jurisdiction of the subject-matter and of the person of the garnishee, its equity power required it to render such judgment as would protect the garnishee from the claim of conflicting claimants, and for that purpose its jurisdiction extended to the bringing in of all parties necessary to the adjustment of such equities, even though they resided in other counties."

Appellant's points on appeal are sustained. The judgment of the trial court sustaining appellees' motions to quash and appellees' plea in abatement (to the jurisdiction) and dismissing appellees from the suit in the 134th District Court, is reversed and judgment is here and now rendered for the appellant reinstating said cause of action as to said parties for further appropriate proceedings in the said 134th District Court not inconsistent with this opinion.